O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| MARIA GARCIA,<br><br>    Plaintiff,<br><br>  v.<br><br>TARGET CORPORATION; DOES 1–20, inclusive,<br><br>    Defendants. | Case № 2:14-cv-05191-ODW(MANx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [15]** |

 *"Too much light often blinds gentlemen of this sort.  They cannot see the forest for the trees."*

 —*Christoph Martin Wieland*, Musarion oder die Philosophie der Grazien (1768).

 On May 2, 2013, Plaintiff Maria Garcia filed a personal-injury action against Defendant Target Corporation in Los Angeles County Superior Court.  (Not. of Removal Ex. A; McDowell Decl. ¶ 2.)  On July 3, 2014, Target removed Plaintiff Garcia's state-court action to this Court, ostensibly invoking diversity jurisdiction under 28 U.S.C. § 1332.  (ECF No. 1.)  Target alleged in its Notice of Removal that the "removal [was] filed within thirty (30) days of service of Plaintiff's statement of damages" and therefore timely.  (Not. of Removal ¶¶ 5, 9.)  Target specifically quoted the portion of 28 U.S.C. § 1446 that provides "'that a case may not be removed on the

basis of jurisdiction conferred by section 1332 [diversity jurisdiction] of this title more than 1 year after commencement of the action.'" (*Id.* ¶ 9 (quoting current § 1446(c)(1)).

On August 1, 2014, Garcia moved to remand her action back to state court, arguing in her 88 pages of moving papers that Target failed to remove the action within 30 days after discovering that the case was removable. (ECF No. 15.) Target timely opposed. (ECF No. 17.) Both parties hotly dispute when this action became removable within the meaning of § 1446(b)(3), which provides that if a case is not initially removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Both parties have quoted from § 1446(c)(1), yet both have ignored its command. That section clearly states that a "case *may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action*, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1) (emphasis added). All of the conditions necessary to trigger the one-year removal bar apply here: Target attempts to remove this action under diversity jurisdiction provided by § 1332; Target invokes § 1446(b)(3)'s later removal period, which applies when the action is not initially removable; and Target has endeavored to remove this action more than one year "after commencement of the action."

Garcia initially filed suit against Target on May 2, 2013, and Target removed the action to this Court some 14 months later on July 3, 2014. It is puzzling why both parties have ignored the one-year removal bar that they both repeatedly quote. Nonetheless, the Court construes Garcia's Motion to Remand as invoking the one-year removal bar since she focuses her Motion on Target's failure to comply with the appropriate removal timeframes. *See Smith v. Mylan Inc.*, No. 12-56028, 2014 WL

3805443, at *3 (9th Cir. Aug. 4, 2014) (concluding that a plaintiff waives the one-year bar unless he or she files a remand motion). It would make little sense to indulge the parties' arguments concerning which document started the clock on § 1446(b)(3)'s 30-day removal period when Garcia's lesser argument—Target's purported failure to meet the 30-day removal timeframe—necessarily includes the greater one, i.e., Target's woeful failure to comply with the one-year removal bar. Since Garcia has moved to remand based upon Target's timeliness of removal, the Court finds that she has not waived reliance upon the one-year bar.

Section 1446(c)(1) operates as an "absolute bar" to removal, incentivizing defendants to "promptly . . . investigate the factual requisites for diversity jurisdiction, including the citizenship of the plaintiff and the amount in controversy." *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 163 (4th Cir. 1997); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 697 (9th Cir. 2005) (noting that the one-year removal bar prevents "unreasonable waste of judicial resources by limiting the extended period of removal to one year after 'commencement of the action[]'").

Neither is there any indication that Garcia acted in bad faith in order to prevent Target from removing this action. Both parties readily admit that Garcia provided Target with some evidence of damages within the one-year removal period indicating that the action likely met the diversity-jurisdiction threshold. Moreover, both parties ignore the most important document in this case: the Complaint. Garcia specifically requested "general damages in a sum to be proven at the time of trial," "medical and incident expenses according to proof at time of trial," and "costs of suit incurred herein." (Not. of Removal Ex. A.) The fact that Garcia did not ask for a specific amount falling below $75,000 should have signaled to Target that it was potentially on the hook for a significant sum of money.

Additionally, the fact that Target failed to argue that Garcia acted with any "bad faith" within the meaning of § 1446(c)(1) that would overcome the one-year removal

///

bar means that Target waived that argument. The "absolute bar" to removal thus precludes Target's removal.

For the reasons discussed above, the Court **GRANTS** Garcia's Motion to Remand (ECF No. 15) and **REMANDS** this action back to Los Angeles County Superior Court, case number BC507710. Both parties shall bear their own costs and fees. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

August 19, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

```
cc:order, docket, remand letter
   to Los Angeles Superior Court, No.  BC507710
```